IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

July 25, 2011

RE:     KEITH B. COX  V.  SUPT KERESTES, ETAL
        CA No. 09-4825

## NOTICE

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Sitarski, on this date in the above captioned matter. You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge.**

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

MICHAEL E. KUNZ
Clerk of Court

By
LINDA V. JERRY, Deputy Clerk

cc:     COX
        GLEBE

        Courtroom Deputy to Judge Gardner

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KEITH B. COX,                                    **FILED**          CIVIL ACTION
          Petitioner,

                                          JUL 22 2011
     v.
                                    MICHAEL B. KUNZ, Clerk
SUPERINTENDENT KERESTES, et al.        ____Dep. Clerk    NO.    09-cv-4825
          Respondents.                        :

## REPORT AND RECOMMENDATION

**LYNNE A. SITARSKI**                                      **DATE: July 22, 2011**
**UNITED STATES MAGISTRATE JUDGE**

Pending before this Court is a *pro se* petition for writ of habeas corpus, filed pursuant to

28 U.S.C. § 2254, by Keith Cox ("Petitioner"), an individual currently incarcerated in State

Correctional Institution Mahanoy located in Frackville, Pennsylvania. For the following reasons,

this Court respectfully recommends that the Petition for Habeas Corpus be DENIED.

## I.     FACTS AND PROCEDURAL HISTORY

The following facts were set forth by the Superior Court of Pennsylvania:

> During the summer of 1988, Arnetta Ferguson, her five-year-old son and her boyfriend, Carl Sheldon Daniels, resided at 8801-F Dittman Street in Philadelphia, Pennsylvania. In exchange for approximately $400 per month, Ferguson permitted a local drug dealer, Chris, to distribute drugs from her residence. Chris employed two young men, Domino and Jamal, who aided him with his drug distribution.
>
> On July 10, 1988, Wallace Brown, Daniels, and [Petitioner] decided to rob and kill Domino and Jamal. After getting a gun, which was provided by [Petitioner], the trio went to Ferguson's house where Domino and Jamal were "conducting business." While Ferguson slept in her bedroom, [Petitioner] shot the two men. The trio split the money they took from Domino and Jamal and then "went their

separate ways." Brown and Daniels were immediately arrested by
police. However, [Petitioner] fled to Canada. In March, 1994, the
Philadelphia police learned that [Petitioner] had been arrested in
Canada for shoplifting. In December, 1994, he was returned to
Philadelphia where he was formally charged with two counts of
murder in the first degree and other related offenses.

*Commonwealth v. Cox*, No. 2887 Phila. 1996, at 2-3 (Pa. Super. Ct. July 10, 1997).

On February 28, 1996, after a trial presided over by the Honorable James A. Lineberger

of the Court of Common Pleas of Philadelphia, Petitioner was convicted of two counts of murder

in the first degree, two counts of robbery, a single count of criminal conspiracy, and a single

count of possessing instruments of crime.[1] *Commonwealth v. Cox*, No. 1005 EDA 2003, at 1-2

(Pa. Super. Ct. Sept. 30, 2008). After a penalty phase hearing, Judge Lineberger imposed a

mandatory sentence of life imprisonment for both murder convictions. *Commonwealth v. Cox*,

No. 950, at 1 (Phila. Ct. Com. Pl. Nov. 21, 1996). The court also sentenced Petitioner on June

17, 1996, to an aggregate term of ten to thirty years for the robbery convictions, to be served

consecutive to the life sentences. *Id.* at 1-2. No further penalty was imposed for the remaining

convictions. *Commonwealth v. Cox*, No. 1005 EDA 2003, at 2.

Petitioner filed a timely direct appeal. Judge Lineberger filed a post trial opinion on

November 22, 1996, denying relief. *Commonwealth v. Cox*, No. 950. On appeal to the Superior

Court of Pennsylvania, Petitioner in his counseled appellate brief alleged:

> (1)    The Defendant is entitled to a new trial [as] a result of the
> trial court's grant of the Commonwealth's challenge for cause

---

[1] Daniels and Brown pleaded guilty to murder in the first degree and related offenses.
*Commonwealth v. Cox*, No. 2887 Phila. 1996, at 3 n.1. According to the state docket, Mr. Brown
pled guilty on September 12, 1989 and Mr. Daniels pled guilty on September 13, 1989. *See*
Pennsylvania Docket, No. CP-51-CR-0810031-1989 (Phila. Ct. Com. Pl. Sept. 12, 1989);
Pennsylvania Docket, No. CP-51-CR-0729071-1988 (Phila. Ct. Com. Pl. Sept. 13, 1989).

2

to venireman Lateef Oakman.

(2)   The Defendant is entitled to a new trial as a result of the
prosecutor's discriminatory use of his peremptory challenges
to strike African-Americans from the jury.

(3)   The Defendant is entitled to a new trial as a result of the trial
court permitting the Commonwealth to introduce portions of
the statement of Wallace Brown.

(4)   The Defendant is entitled to a new trial as a result of the trial
court's denial of a motion for a mistrial after a
Commonwealth witness testified that the Defendant would
purchase drugs at her residence.

On July 10, 1997, the Superior Court of Pennsylvania affirmed Petitioner's judgment of

sentence. *Commonwealth v. Cox*, No. 2287 Phila. 1996. The Supreme Court of Pennsylvania

denied allocatur on February 23, 1998. *Commonwealth v. Cox*, No. 400 Eastern District

Allocatur Docket 1997 (Pa. Feb. 23, 1998).

On March 2, 1999, Petitioner filed a *pro se* petition pursuant to the Post Conviction

Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541 *et seq. Commonwealth v. Cox*, No. 1005 EDA

2003, at 2. In this petition, Petitioner alleged the following:[2]

(1)   The Commonwealth violated *Batson* by using peremptory strikes in a racially
motivated manner.

(2)   Prosecutorial misconduct by:
     (a)   eliciting testimony from Petitioner concerning other crimes;
     (b)   deceiving the trial court by falsely claiming that he wished to call Mr.
           Daniels as a witness later in the trial, although the Commonwealth knew
           that he was unavailable; and
     (c)   vouching for Brian Wiley when the judge asked if anyone knew who he
           was after he attempted to communicate with Ms. Ferguson while she was

---

[2]  This Court reorganized the claims asserted in Petitioner's *pro se* PCRA petition for
clarity's sake. Also, this Court identified additional grounds for relief upon which the PCRA
court did not rule.

3

testifying.

(3) Trial court error by:
   (a) failing to terminate the trial after learning that Mr. Brown's affidavit was forged;
   (b) improperly instructing the jury regarding the burden of proof;
   (c) permitting the Commonwealth to question Petitioner about an uncharged crime;
   (d) improperly admitting Mr. Brown's statement under a hearsay exception;
   (e) failing to provide a curative jury instruction or hold an in camera *voir dire* examination regarding any prejudice that resulted from Mr. Wiley's attempt to communicate with Ms. Arnetta Ferguson while testifying; and
   (f) accepting Mr. Wiley's explanation of what he was attempting to communicate to Ms. Ferguson despite no indicia of reliability.

(4) Ineffective assistance of trial counsel for:
   (a) failing to object to the Commonwealth's use of Mr. Brown's hearsay statement at preliminary hearing and trial;
   (b) failing to object to the trial court's incorrect jury instruction regarding the burden of proof;
   (c) failing to verify the claims brought on direct appeal;
   (d) failing to turn over certain documents to Petitioner prior to PCRA filing deadline;
   (e) failing to procure an expert witness regarding the effect of crack cocaine on perception and memory;
   (f) failing to investigate and interview April Lynch and Johnesa Smith as witnesses;
   (g) failing to request a jury instruction regarding Ms. Ferguson as an accomplice;
   (h) failing to disclose to Petitioner during trial that Mr. Wiley attempted to communicate with Ms. Ferguson while she was testifying; and
   (i) failing to object to the trial court's handling of Mr. Wiley's conduct.

The PCRA court appointed counsel, who filed a letter pursuant to *Commonwealth v. Finley*, 550

A.2d 213 (Pa. Super. Ct. 1998), on September 26, 2002, certifying that he reviewed the entire

record and concluded that there were no meritorious issues to advance before the PCRA court.

*Commonwealth v. Cox*, No. 1005 EDA 2003, at 2. On October 31, 2002, the PCRA court issued

4

a notice of its intent to dismiss the PCRA petition without a hearing.[3] *Id.* On January 21, 2003,

Petitioner filed a motion to amend his PCRA petition, which included additional claims for

relief.[4] *Commonwealth v. Cox*, No. 1005 EDA 2003, at 3. On February 19, 2003, the PCRA

court dismissed Petitioner's PCRA petition without a hearing and denied his motion to amend,

construing it as an untimely second PCRA petition.[5] *Commonwealth v. Cox*, No. 950.

Petitioner appealed to the Superior Court, alleging in his statement of the issues

presented:

(1)     The state and federal Double Jeopardy doctrine and Due Process clauses were
        violated by prosecutorial misconduct:
        (a)     concealing the existence of exculpatory material evidence (i.e., extradition
                documentation);
        (b)     concealing the existence of a binding deal with its chief witness at trial;
        (c)     adducing prejudicial and false testimonial hearsay at trial and to Canadian
                authorities to facilitate detainer; and
        (d)     ex parte communication with Mr. Wiley after injecting himself into the
                trial by attempting to communicate with Ms. Ferguson while testifying.

(2)     The state and federal Due Process clauses were violated by trial court errors:

---

[3] According to the state court docket, Petitioner filed a petition for writ of mandamus on
December 12, 2002 in the Superior Court of Pennsylvania. *See* Pennsylvania Docket, No. 179
EDM 2002 (Pa. Super. Ct. Dec. 12, 2002). The Superior Court denied this petition on January 7,
2003. *See* Pennsylvania Docket, No. 179 EDM 2002 (Pa. Super. Ct. Jan. 7, 2003).

[4] In his motion to amend the PCRA petition, Petitioner included three claims: (1) denial
of his right to counsel when the Bills of Information were drawn up; (2) that his extradition from
Canada was illegal; and (3) prosecutorial misconduct by introducing the hearsay statement of Mr.
Brown even though it was perjured. The PCRA court construed the motion as a second PCRA
petition and dismissed it as untimely. *Commonwealth v. Cox*, No.950, at 12; *see also
Commonwealth v. Cox*, No. 1005 EDA 2003 at 5 n.8.

[5] According to the state docket, Petitioner filed a petition for writ of mandamus and/or
extraordinary relief with the Supreme Court of Pennsylvania on May 12, 2003, requesting credit
for his time imprisoned in Canada toward the sentences at issue. *See* Pennsylvania Docket, No.
60 EM 2003 (Pa. May 12, 2003). The Supreme Court denied the petition on October 31, 2003.
*See* Pennsylvania Docket, No. 60 EM 2003 (Pa. Oct. 31, 2003).

5

   (a) not seeking Petitioner's waiver of a conflict of interest with his appointed trial counsel despite awareness of counsel's previous affiliation;

   (b) failing to properly investigate any potential prejudice to the jury caused by Mr. Wiley's conduct; and

   (c) improperly instructing the jury regarding the reasonable doubt standard and hearsay standard.

*Commonwealth v. Cox*, No. 1005 EDA 2003, at 3-4.[6]  The Superior Court affirmed the PCRA

---

[6] Upon reviewing Petitioner's appellate brief to the Superior Court, this Court discovered that Petitioner raised additional claims that were not specifically ruled upon by the Superior Court. These claims are as follows:

(1) Petitioner was illegally extradited from Canada.

(2) Prosecutorial misconduct by:
  (a) vouching for Mr. Wiley;
  (b) utilizing the testimony of Mr. Williams and Ms. Ferguson despite their admitted intoxication; and
  (c) deceiving the trial court by falsely claiming that he wished to call Mr. Daniels as a witness later in the trial.

(3) Insufficient review of meritorious issues by Judge Lineberger on direct appeal.

(4) Trial court error by:
  (a) improperly admitting Mr. Brown's statement under a hearsay exception;
  (b) showing bias toward the Commonwealth by failing to reprimand the prosecutor for alleged instances of misconduct;
  (c) failing to provide a jury instruction regarding Ms. Ferguson as an accomplice;
  (d) subverting the jury's role as a fact-finder by telling the jury which evidence to consider;
  (e) analogizing the reasonable doubt standard to a used car, which shifted the burden of persuasion to Petitioner;
  (f) improperly instructing the jury regarding Petitioner's flight to Canada and consciousness of guilt;
  (g) failing to grant a mistrial by manifest necessity after Ms. Ferguson's statement that Petitioner used to purchase drugs at her house, discovering that the prosecutor bribed Mr. Brown for his statement, Mr. Brown denied that any conspiracy with Petitioner existed, the prosecutor's ex parte communication with Mr. Wiley, and failing to instruct jury regarding the effect of drugs on a person's perception;
  (h) failing to protect Petitioner's constitutional right of compulsory process by

court's dismissal without addressing any of the issues on the merits on September 30, 2008,

holding that the issues raised on appeal were waived for failure to raise the claims on direct

appeal or in his *pro se* PCRA petition, and non-cognizable. *Id.* On January 14, 2009, the

Superior Court denied Petitioner's application for reconsideration and/or reargument. *See*

Pennsylvania Docket, No. 1005 EDA 2003 (Pa. Super. Ct. Jan. 14, 2009). The Pennsylvania

Supreme Court denied allocatur on August 5, 2009. *See* Pennsylvania Docket, No. 90 EAL 2009

(Pa. Aug. 5, 2009).

———————————

> not requiring the Commonwealth to establish that Mr. Daniels was in fact unavailable due to the privilege against self-incrimination; and
>
> (i)    allowing trial counsel to represent Petitioner despite a conflict of interest due to his counsel's previous employment with the district attorney's office.

    (5)    Ineffective assistance of trial counsel for:
        (a)    failing to request a jury instruction regarding Ms. Ferguson as an accomplice; and
        (b)    failing to diligently challenge the Commonwealth's assertion that Mr. Daniels was unavailable to testify due to the privilege against self-incrimination.

    (6)    Ineffective assistance of appellate counsel for failing to address all issues on direct and PCRA appeal.

    (7)    The evidence was insufficient to establish Petitioner's guilt beyond a reasonable doubt.

Nevertheless, none of these issues were included in the statement of questions involved. At the time Petitioner filed his PCRA appellate brief on January 25, 2008, Pennsylvania Rule of Appellate Procedure 2116(a) provided in pertinent part: "This rule is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby." Although the court did not specifically refer to this rule, the Superior Court only listed the claims contained in the statement of the issues presented. *See Commonwealth v. Cox*, 1005 EDA 2003, at 3-4. Therefore, this Court finds that the Superior Court did not rule upon the issues not listed in the statement of the issues presented because of Rule 2116(a).

7

On October 15, 2009, Petitioner filed the instant *pro se* habeas petition and a lengthy

memorandum of law (Doc. No. 1), which asserted seventeen grounds for relief.[7] Many of

Petitioner's grounds for relief overlap and are nearly incomprehensible. In liberally reading these

*pro se* filings, this Court has identified thirty four claims within the habeas petition and

memorandum of law. This Court has renumbered, reorganized, and more clearly articulated

Petitioner's claims as follows:

    (1)    Trial court error by:
- (a) granting the Commonwealth's strike for cause concerning potential juror Mr. Oakman;
- (b) admitting a statement of Mr. Brown under a hearsay exception;
- (c) denying Petitioner's motion for mistrial after Ms. Ferguson stated that Petitioner used to purchase drugs at her residence;
- (d) permitting the Commonwealth to question Petitioner about an uncharged crime;
- (e) failing to provide a missing witness instruction regarding Mr. Daniels;
- (f) permitting the Commonwealth in its closing statement to declare that the murder weapon was not found because it is located somewhere along I-95 heading toward Canada;
- (g) showing bias toward the Commonwealth by failing to reprimand the prosecutor for alleged instances of misconduct;
- (h) failing to instruct the jury on how to consider hearsay testimony;

---

[7] Pennsylvania and federal courts employ the prisoner mailbox rule. *See Perry v. Diguglielmo*, 169 Fed. Appx. 134, 136 n.3 (3d Cir. 2006) (*citing Commonwealth v. Little*, 716 A.2d 1287 (Pa. Super. Ct. 1998)); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Under this doctrine, a prisoner's *pro se* petition is deemed filed when delivered to prison officials for mailing. *See Burns*, 134 F.3d at 113; *Commonwealth v. Castro*, 766 A.2d 1283, 1287 (Pa. Super. Ct. 2001) (deemed filed when given to proper prison authority or placed in a prison mailbox). Nevertheless, it is a prisoner's burden to prove that the doctrine applies by providing evidence for when the petition was placed within a prison mailbox or delivered to prison officials. *See Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997); *Thomas v. Elash*, 781 A.2d 170, 176 (Pa. Super. Ct. 2001); *see also Council v. Nash*, 400 Fed. Appx. 680, 682 (3d Cir. 2010) (holding that it is appellant's burden to prove that the prisoner mailbox rule applies in a civil rights case). Because this is a *pro se* petition, the prisoner mailbox rule may apply. *See Burns*, 134 F.3d at 113. Petitioner signed and dated the instant petition on October 15, 2010. Pursuant to the prisoner mailbox rule, this Court finds that Petitioner filed the instant petition on this date. *See Burns*, 134 F.3d at 113.

8

     (i)     providing a jury instruction that analogized the reasonable doubt standard to a used car;

     (j)     improperly instructing the jury regarding Petitioner's flight to Canada and consciousness of guilt;

     (k)     instructing the jury which evidence to consider, which foreclosed the jury from making factual determinations concerning material facts;

     (l)     permitting Ms. Ferguson to testify to events she perceived while under the influence of drugs;

     (m)     failing to investigate whether the jury was prejudiced by Mr. Wiley's conduct while Ms. Ferguson testified;

     (n)     failing to inform Petitioner that a conflict of interest existed with his appointed trial counsel; and

     (o)     considering that Petitioner fled to Canada for six years during sentencing.

(2)     The Commonwealth violated *Batson* by using peremptory strikes in a racially motivated manner.

(3)     Ineffective assistance of trial counsel for:

     (a)     failing to preserve a claim regarding potential juror Mr. Oakman's strike for cause;

     (b)     failing to preserve a *Batson* claim by not timely objecting;

     (c)     failing to rebut a claim of recent fabrication and corrupt motives at trial;

     (d)     failing to demand the terms of the extradition agreement with Canada;

     (e)     failing to disclose to Petitioner during trial that Mr. Wiley attempted to communicate with Ms. Ferguson while she was testifying;

     (f)     failing to object to the Commonwealth's questioning about an uncharged crime (i.e., fraud);

     (g)     failing to object to the Commonwealth's closing statement which stated that the murder weapon was located alongside I-95 heading toward Canada;

     (h)     failing to challenge the trial court's failure to instruct the jury regarding consideration of hearsay testimony; and

     (i)     representing Petitioner at trial despite a conflict of interest.

(4)     Prosecutorial misconduct for:

     (a)     withholding and concealing: documentation relating to Petitioner's extradition and a "pardon letter" used to secure Mr. Brown's testimony and affidavit;

     (b)     concealing the fact that Mr. Brown was intoxicated when he signed his affidavit;

     (c)     procuring and using Mr. Brown's perjured affidavit;

     (d)     eliciting a response concerning other crimes from Petitioner while testifying;

9

- (e) deceiving the trial court by falsely claiming that he wished to call Mr. Daniels as a witness later in the trial;
- (f) stating in its closing statement that the murder weapon was not found because it was on I-95 heading toward Canada;
- (g) communicating ex parte with Mr. Wiley; and
- (h) vouching for Mr. Wiley.

(5) The PCRA Court erred by not permitting Petitioner to amend his original PCRA petition.

*See* Pet'r's Habeas Pet. & Mem. Law.

On May 21, 2010, Petitioner filed an uncontested motion to amend (Doc. No. 10), which

this Court granted on June 7, 2010.[8] In this motion, Petitioner purported to set forth eight

additional claims. Upon review, however, this Court discovered that Petitioner reiterated claims

already raised in his prior filings, and raised four additional claims for relief, which are as

follows:

- (6) Petitioner's extradition from Canada violated laws and treaties of the United States and Canada, as well as international law.

- (7) Ineffective assistance of trial counsel for:
  - (a) failing to pursue a jury instruction regarding Ms. Ferguson as an accomplice; and
  - (b) failing to interview and call Ms. Lynch and Ms. Smith as witnesses.

- (8) Evidence was insufficient to convict Petitioner of criminal conspiracy.

*See* Pet'r's Mot. Amend.

Respondents filed a response (Doc. No. 14) on August 27, 2010, urging that the petition

be dismissed because the claims are procedurally defaulted, insufficiently pled, and/or without

---

[8] Petitioner signed and dated the Motion to Amend on May 21, 2010. Pursuant to the prisoner mailbox rule, this Court finds that Petitioner filed the Motion to Amend on this date. *See Burns*, 134 F.3d at 113.

10

merit. On February 4, 2011, Petitioner filed a reply brief (Doc. No. 15).[9]

## II.   STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") grants to persons

in state or federal custody the right to file a petition in a federal court seeking the issuance of a

writ of habeas corpus. *See* 28 U.S.C. § 2254. The AEDPA increased the deference federal

courts must give to the factual findings and legal determinations of the state courts. *Woodford v.*

*Viscotti*, 537 U.S. 19, 24 (2002); *Werts v. Vaughn*, 228 F.3d 178, 196 (3d Cir. 2000) *(citing*

*Dickerson v. Vaughn*, 90 F.3d 87, 90 (3d Cir. 1996)). Pursuant to 28 U.S.C. § 2254(d), as

amended by the AEDPA, a petition for habeas corpus may only be granted if: (1) the state court's

adjudication of the claim resulted in a decision contrary to, or involved an unreasonable

application of, "clearly established Federal law, as determined by the Supreme Court of United

States"; or (2) the adjudication resulted in a decision that was "based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding." 28

U.S.C. § 2254(d)(1)-(2). Factual issues determined by a state court are presumed to be correct,

and the petitioner bears the burden of rebutting this presumption by clear and convincing

evidence. *Werts*, 228 F.3d at 196 *(citing* 28 U.S.C. § 2254(e)(1)).

---

[9] Although Petitioner did not sign or date his Reply, the envelope is postmarked on February 4, 2011. Pursuant to the prisoner mailbox rule, this Court finds that Petitioner filed the Reply on this date. *See Burns*, 134 F.3d at 113.

Additionally, this Court notes that Petitioner filed a copy of the same Reply on March 25, 2011, according to the postmarked envelope. (Doc. No. 16). In preparing this Report and Recommendation, this Court considered the arguments contained within the replies.

The Supreme Court expounded upon this language in *Williams v. Taylor*, 529 U.S. 362 (2000). In *Williams*, the Court explained that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Hameen v. State of Delaware*, 212 F.3d 226, 235 (3d Cir. 2000) (*citing Williams*, 529 U.S. at 389-390). The Court in *Williams* further stated that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 235 (*citing Williams*, 529 U.S. at 388-389). "In further delineating the 'unreasonable application of' component, the Supreme Court stressed that an unreasonable application of federal law is different from an incorrect application of such law and a federal habeas court may not grant relief unless that court determines that a state court's incorrect or erroneous application of clearly established federal law was also unreasonable." *Werts*, 228 F.3d at 196 (*citing Williams*, 529 U.S. at 389).

## III.   DISCUSSION

### A.   Procedural Default

In the instant habeas petition, accompanying memorandum of law, and motion to amend, Petitioner asserted many vague, overlapping, and, at times, nearly indecipherable claims. After

12

liberally construing Petitioner's assertions, this Court enunciated the claims, as listed above.

Respondents argue that the majority of Petitioner's claims are insufficiently pled or, in the alternative, unexhausted and procedurally defaulted. As more fully discussed below, this Court agrees with Respondents that claims 1(d)-(o); 3(a)-(i); 4(a)-(h); 5; 6; 7(a)-(b); and 8 are procedurally defaulted and therefore not subject to review.

### 1.    Exhaustion

"A district court ordinarily cannot grant a petition for a writ of habeas corpus arising from a petitioner's custody under a state court judgment unless the petitioner first has exhausted his available remedies in state court." *Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010) *(citing* 28 U.S.C. § 2254(b)). Under § 2254(c), a petitioner will not be deemed to have exhausted available state remedies if he had the right under state law to raise, by any available procedure, the question presented. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999) ("[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.*, whether he has fairly presented his claims to the state courts."). The exhaustion requirement is rooted in considerations of comity, and is designed to protect the role of the state court in the enforcement of federal law and to prevent disruption of state judicial proceedings. *Castille v. Peoples*, 489 U.S. 346, 349 (1989) *(quoting Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

In order for a claim to be exhausted, "'[b]oth the legal theory and facts underpinning the federal claim must have been presented to the state courts, and the same method of legal analysis must be available to the state court as will be employed in the federal court.'" *Tome v. Stickman*, 167 Fed. Appx. 320, 322-23 (3d Cir. 2006) *(quoting Evans v. Court of Common Pleas, De.*

13

*County, Pa.*, 959 F.2d 1227, 1231 (3d Cir. 1992)). Further, a state prisoner must "fairly present"

his federal claims to the state courts before seeking federal habeas relief by invoking "one

complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at

845. In Pennsylvania, one complete round includes presenting the federal claim through the

Superior Court on direct or collateral review. *See Lambert v. Blackwell*, 387 F.3d 210, 233-34

(3d Cir. 2004) (holding that petitioners are not required to seek review by the Supreme Court of

Pennsylvania in order to exhaust claims). The habeas petitioner bears the burden of proving

exhaustion of all state remedies. *Boyd v. Waymart*, 579 F.3d 330, 367 (3d Cir. 2009) (*quoting*

*Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997)).

Here, Petitioner failed to raise the following claims in the state courts on direct or

collateral review: claims 1(e)-(f), (l), (o); 3(a)-(d), (f)-(h); 4(b), (f); 5; and 8.[10] Rather, Petitioner

---

[10] The following claims were raised for the first time in the instant habeas petition and
are thus unexhausted:

(1)    Trial court error by:
    (e)    failing to provide a missing witness instruction regarding Mr. Daniels;
    (f)    permitting the Commonwealth in its closing statement to declare that the
        murder weapon was not found because it is located on I-95 heading toward
        Canada;
    (l)    permitting Ms. Ferguson to testify to events she perceived while under the
        influence of drugs; and
    (o)    considering that Petitioner fled to Canada for six years during sentencing.

(3)    Ineffective assistance of trial counsel for:
    (a)    failing to preserve a claim regarding potential juror Mr. Oakman's strike
        for cause;
    (b)    failing to preserve a *Batson* claim by not timely objecting;
    (c)    failing to rebut a claim of recent fabrication and corrupt motives at trial;
    (d)    failing to demand the terms of the extradition agreement with Canada;
    (f)    failing to object to the Commonwealth's questioning about an uncharged
        crime (i.e., fraud);

14

raised these claims for the first time in the instant petition. Therefore, because Petitioner failed

to present these claims to the state courts, these claims are unexhausted. *See O'Sullivan*, 526

U.S. at 845.

Also, although raised in his *pro se* PCRA petition, Petitioner abandoned the following

claims on appeal to the Superior Court: claims 1(d); 3(e); 4(d); and 7(b).[11]  The Superior Court

<div style="border-top: 1px solid">

      (g)    failing to object to the Commonwealth's closing statement which stated
that the murder weapon was located on I-95 heading toward Canada; and

      (h)    failing to challenge the trial court's failure to instruct the jury regarding
consideration of hearsay testimony.

(4)    Prosecutorial misconduct for:

      (b)    concealing the fact that Mr. Brown was intoxicated when he signed his
affidavit; and

      (f)    stating in its closing statement that the murder weapon was not found
because it was on I-95 heading toward Canada.

(5)    The PCRA Court erred by not permitting Petitioner to amend his original PCRA
petition.

(8)    Evidence was insufficient to convict Petitioner of criminal conspiracy.

[11] Petitioner abandoned the following claims on PCRA appeal to the Superior Court,
which renders these claims unexhausted:

(1)    Trial court error by:

      (d)    permitting the Commonwealth to question Petitioner about an uncharged
crime.

(3)    Ineffective assistance of trial counsel for:

      (e)    failing to disclose to Petitioner during trial that Mr. Wiley attempted to
communicate with Ms. Ferguson while she was testifying.

(4)    Prosecutorial misconduct for:

      (d)    eliciting a response concerning other crimes from Petitioner while
testifying.

(7)    Ineffective assistance of trial counsel for:

</div>

15

even commented that Petitioner had abandoned many claims by failing to raise them in his

PCRA appeal. *See Commonwealth v. Cox*, No. 1005 EDA 2003, at 5 ("Although Cox's original

petition for post-conviction relief did indeed contain, *inter alia*, allegations of trial counsel's

ineffectiveness and numerous errors of constitutional magnitude and otherwise, he fails to pursue

these issues on appeal but rather raises an altogether different litany of grievances for this Court's

review."). Because Petitioner failed to raise these claims through one complete round of the state

court's review, these claims are unexhausted. *See O'Sullivan*, 526 U.S. at 845.

Although exhaustion is required before seeking federal habeas review, a federal court

may excuse the exhaustion requirement if it would be futile for the petitioner to seek relief in the

state court system. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Toulson v. Beyer*, 987 F.2d 984,

986 (3d Cir. 1993) (*quoting Gibson v. Scheidemantel*, 805 F.2d 135, 138 (3d Cir. 1986)); 28

U.S.C. § 2254(b)(1)(B)(i)-(ii).  Because the PCRA is the sole means for obtaining collateral

relief from convictions in Pennsylvania, exhaustion is deemed futile if the PCRA's statute of

limitations has expired. *See Lines v. Larkins*, 208 F.3d 153, 164 n.17 (3d Cir. 2000); *see also* 42

Pa. Cons. Stat. § 9542.  Here, this Court recommends that exhaustion be excused because any

subsequent PCRA petition would be deemed untimely.[12]

_____

      (b)     failing to interview and call Ms. Lynch and Ms. Smith as witnesses.

[12] Pursuant to the PCRA, collateral actions must be filed within one year of the date the
conviction at issue becomes final.  42 Pa. Cons. Stat. § 9545(b)(1).  A judgment becomes final at
the conclusion of direct review, including discretionary review in the Supreme Court of
Pennsylvania and the Supreme Court of the United States, or at the expiration of time for seeking
such review.  42 Pa. Cons. Stat. § 9545(b)(3).  The PCRA statute of limitations is not tolled
while a PCRA petition is pending.  *See* 42 Pa. Cons. Stat. § 9545(b)(1) ("Any petition under this
subchapter, including a second or subsequent petition, shall be filed within one year of the date
the judgment becomes final.").  Here, Petitioner's judgment became final when direct review

Although this Court recommends that exhaustion be excused, Petitioner is considered to have procedurally defaulted these claims because state procedural rules bar him from seeking further relief in state courts. *See Keller v. Larkins*, 251 F.3d 408, 415 (3d Cir. 2001). Therefore, federal habeas review is foreclosed, unless the petitioner can prove an exception, which will be discussed below. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### 2.    Independent and Adequate State Law Doctrine

A federal habeas court is precluded from reviewing claims rejected by the state court if the state court relied upon "'a state law ground that is independent of the federal question and adequate to support the judgment.'" *Nolan v. Wynder*, 363 Fed. Appx. 868, 871 (3d Cir. 2010) (*quoting Beard v. Kindler*, __ U.S. __, 130 S. Ct. 612, 614 (2009)); *see also Taylor v. Horn*, 504 F.3d 416, 427-28 (3d Cir. 2007) (*citing Coleman*, 501 U.S. at 730). In order for this doctrine to apply, the state procedural bar must have been "firmly established, readily ascertainable, and regularly followed." *Nolan*, 363 Fed. Appx. at 871 (*quoting Szuchon v. Lehman*, 273 F.3d 299, 325 (3d Cir. 2001)) (emphasis omitted). In other words, the following conditions must be met: "'(1) the state procedural rule speaks in unmistakable terms; (2) all appellate courts refused to review the petitioner's claims on the merits; and (3) the state courts' refusal in this instance is consistent with other decisions.'" *Szuchon*, 273 F.3d at 325 (*quoting Doctor v. Walters*, 96 F.3d 675, 683-84 (3d Cir. 1996)). Further, the adequacy of the rule is determined at the time of the state procedural default. *Nolan*, 363 Fed. Appx. at 871 (*quoting Cabrera v. Barbo*, 175 F.3d

concluded on May 24, 1998, ninety days after the Supreme Court of Pennsylvania denied allocatur. *See Whitney v. Horn*, 280 F.3d 240, 252 n.13 (3d Cir. 2002). Accordingly, Petitioner had until May 24, 1999 to file a second PCRA petition, which he failed to do.

17

307, 313 (3d Cir. 1999)). As the Supreme Court of the United States has explained, the

application of the independent and adequate state ground doctrine is grounded in comity and

federalism:

> In the absence of the independent and adequate state ground doctrine
> in federal habeas, habeas petitioners would be able to avoid the
> exhaustion requirement by defaulting their federal claims in state
> court. The independent and adequate state ground doctrine ensures
> that the States' interest in correcting their own mistakes is respected
> in all federal habeas cases.

*Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000) (*citing Coleman*, 501 U.S. at 732).

Additionally, a habeas petition is deemed to have met the technical requirements for exhaustion

because there are no state remedies available. *Coleman*, 501 U.S. at 732.

Here, the Superior Court refused to address the merits of any claim that Petitioner brought

in his PCRA appeal. Below, this Court will determine whether the applications of the PCRA

statute of limitations and Pennsylvania Rules of Appellate Procedure 302(a) and 2116(a) result in

a procedural default.

### (a)    PCRA Statute of Limitation

Under the PCRA, a petitioner has one year after judgment becoming final to file any

petition, including subsequent petitions, for relief, unless a petitioner can establish one of three

outlined exceptions. 42 Pa. Const. Stat. § 9545(b)(1); *see also Commonwealth v. Bennett*, 930

A.2d 1264, 1267 (Pa. 2007) ("[A]ny PCRA petition, including a second or subsequent one, must

be filed within one year of the date the judgment of sentence becomes final."). The Third Circuit

has held that the PCRA statute of limitations is an independent and adequate state rule ground

that precludes federal habeas review. *See Peterson v. Brennan*, 196 Fed. Appx. 135, 141-42 (3d

18

Cir. 2006) ("[W]e will affirm the District Court's order that the PCRA statute of limitations is an adequate and independent state ground to deny habeas relief."). In *Peterson*, the Third Circuit held that the PCRA statute of limitations was sufficient despite the existence of exceptions that Pennsylvania courts sometimes invoke. *See id.* Therefore, this Court finds that the PCRA statute of limitations is an independent and adequate state law ground which precludes federal habeas review. *See id.*

In the case at hand, Petitioner filed a motion to amend his *pro se* PCRA petition on January 21, 2003, after the PCRA court filed a notice of its intent to dismiss. *See Commonwealth v. Cox*, No. 1005 EDA 2003, at 3. The motion to amend included two claims that are now before this Court: claims 4(c) and 6.[13] The PCRA court construed Petitioner's motion to amend as a second *pro se* PCRA petition and dismissed it as untimely pursuant to 42 Pa. Cons. Stat. § 9545. *See Commonwealth v. Cox*, No. 950, at 12. On appeal, the Superior Court also declined to review these claims on the merits because the PCRA court denied the motion. *See Commonwealth v. Cox*, No. 1005 EDA 2003, at 5 n.8. Because the state courts refused to review these claims on the merits due to the PCRA statute of limitations, which is an independent and adequate state law ground, claims 4(c) and 6 are procedurally defaulted. Consequently, this Court may not review the merits of these claims, unless Petitioner establishes

---

[13] The following claims were included in Petitioner's motion to amend his PCRA petition, which was dismissed as untimely:

(4)     Prosecutorial misconduct for:
        (c)     procuring and using Mr. Brown's perjured affidavit.

(6)     Petitioner's extradition from Canada violated laws and treaties of the United States and Canada, as well as international law.

19

an exception to the procedural default, which is discussed below.

**(b)    Pennsylvania Rule of Appellate Procedure 302(a)**

On PCRA appeal, the Superior Court refused to address any claims contained in the

statement of questions involved due to Pennsylvania Rule of Appellate Procedure 302(a).

*Commonwealth v. Cox*, No. 1005 EDA 2003, at 5. The Superior Court concluded that "none of

the myriad number of claims Cox raises on appeal were preserved in his PCRA petition filed on

March 2, 1999." *Id.* Additionally, the Superior Court also stated that all of the claims raised on

appeal could have been raised on direct appeal. *Id.* at 7 (Petitioner "fails to raise a single claim

which could not have been properly adjudicated on direct appeal."). Moreover, the Superior

Court held that Petitioner also failed to "present a single cognizable PCRA claim." *Id.* at 5-6.

Because the state court refused to address any of Petitioner's claims due to a state procedural

rule, this Court must determine whether Rule 302(a) is an independent and adequate state law

ground that precludes habeas review.

Pennsylvania Rule of Appellate Procedure 302(a) provides:

> (a) **General rule.** Issues not raised in the lower court are waived and
> cannot be raised for the first time on appeal.

Pa. R. A. P. 302(a). The Third Circuit has held that claims deemed waived under Rule 302(a) by

the state courts are procedurally defaulted and not entitled to federal review, unless an exception

to procedural default applies. *See, e.g., Tai-Nan v. Wilson*, 336 Fed. Appx. 256, 260-61 (3d Cir.

2009); *Werts*, 228 F.3d at 194. Therefore, Rule 302 is an independent and adequate state law

ground that may be the basis for procedural default. Accordingly, Petitioner's claims raised on

PCRA appeal to the Superior Court are procedurally defaulted because independent and adequate

20

state grounds preclude review.[14] Thus, this Court recommends that claims 1(h), (m)-(n); 4(a),

(c), (g) are procedurally defaulted and not subject to federal habeas review, unless an exception

to the procedural default applies.[15]

### (c)    Pennsylvania Rule of Appellate Procedure 2116(a)

In its opinion, the Superior Court listed the claims that Petitioner raised on PCRA appeal

by quoting Petitioner's statement of questions involved. *See Commonwealth v. Cox*, No. 1005

EDA 2003, at 3-4. The Superior Court did not mention any claims that were not raised within

this section, although this Court discovered the existence of other claims.[16] It is apparent that the

_____

[14] This Court notes that claim 4(c), which alleges prosecutorial misconduct for procuring
and using Mr. Brown's perjured affidavit, is procedurally defaulted for two reasons: first,
because it was included in Petitioner's untimely motion to amend his PCRA petition; and second,
because the state court held that the claim was waived pursuant to Pennsylvania Rule of
Appellate Procedure 302(a).

[15] The following claims were raised in the statement of questions involved and deemed
waived by the Superior Court:

(1)    The trial court erred by:
    (h)    failing to instruct the jury on how to consider hearsay testimony;
    (m)    failing to investigate whether the jury was prejudiced by Mr. Wiley's
        conduct while Ms. Ferguson testified; and
    (n)    failing to inform Petitioner that a conflict of interest existed with his
        appointed trial counsel.

(4)    Prosecutorial misconduct for:
    (a)    withholding and concealing: documentation relating to Petitioner's
        extradition and a "pardon letter" used to secure Mr. Brown's testimony
        and affidavit;
    (c)    procuring and using Mr. Brown's perjured affidavit; and
    (g)    communicating ex parte with Mr. Wiley.

[16] The following claims were contained within Petitioner's PCRA appellate brief to the
Superior Court but not within the statement of questions involved:

21

Superior Court implicitly relied upon Rule 2116(a) in refusing to address any claims not

contained in the statement of questions involved, even though the court did not specifically

mention this rule.[17]  Because the state court refused to address the merits of claims 1(g), (i)-(k);

3(i); 4(e), (h); 6; and 7(a) due to a state procedural rule, this Court must determine whether Rule

2116(a) is an independent and adequate state law ground that precludes relief.

 At the time Petitioner filed his PCRA appellate brief on January 25, 2008, Pennsylvania

---

(1)     Trial court error by:
   (g)     showing bias toward the Commonwealth by failing to reprimand the
           prosecutor for alleged instances of misconduct;
   (i)     providing a jury instruction that analogized the reasonable doubt standard
           to a used car;
   (j)     improperly instructing the jury regarding Petitioner's flight to Canada and
           consciousness of guilt; and
   (k)     instructing the jury which evidence to consider, which foreclosed the jury
           from making factual determinations concerning material facts.

(3)     Ineffective assistance of trial counsel for:
   (i)     representing Petitioner at trial despite a conflict of interest.

(4)     Prosecutorial misconduct for:
   (e)     deceiving the trial court by falsely claiming that he wished to call Mr.
           Daniels as a witness later in the trial; and
   (h)     vouching for Mr. Wiley.

(6)     Petitioner's extradition from Canada violated the laws and treaties of the United
        States and Canada, as well as international law.

(7)     Ineffective assistance of trial counsel for:
   (a)     failing to pursue a jury instruction regarding Ms. Ferguson as an
           accomplice.

   [17]  This Court notes that claim 6, which alleges that Petitioner's extradition from Canada
was illegal, is procedurally defaulted for two reasons: first, because it was included in
Petitioner's untimely motion to amend his PCRA petition; and second, because the Superior
Court refused to review the claim pursuant to Pennsylvania Rule of Appellate Procedure 2116(a).

22

Rule of Appellate Procedure 2116(a) provided in pertinent part: "This rule is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby."[18] This Court finds that Rule 2116(a) speaks in unmistakable terms. *See Szuchon*, 273 F.3d at 325 (*quoting Doctor*, 96 F.3d at 683-84). The Superior Court refused to list, let alone review, any of these claims on the merits due to Petitioner's violation. *See id.* Finally, this Court has determined that the state court's refusal to review these claims on the merits is consistent with the vast majority of other state court decisions.[19] Therefore, Rule 2116(a) is an independent and adequate state court ground sufficient to preclude federal habeas review. Thus, claims 1(g), (i)-(k); 3(i); 4(e), (h); 6; and 7(a) are precluded from this Court's review, unless an exception to the procedural default applies.

---

[18] On July 11, 2008, Rule 2116(a) was amended to state that "no question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." However, Petitioner filed his PCRA appellate brief with the Superior Court on January 25, 2008. As a result, the amended version of Rule 2116(a) is not applicable to Petitioner.

[19] This Court notes that in *Nolan*, the Third Circuit held in a non-precedential opinion that the page limitation found in Rule 2116(a) was not an adequate rule because it was not regularly followed by the state courts. *Nolan*, 363 Fed. Appx. at 871-72. However, in the case at hand, the Superior Court implicitly relied upon a different portion of Rule 2116(a) – which requires all issues raised to be included within or suggested by the statement of questions involved. Upon review, this Court finds that state courts have regularly refused to review any claims not raised in the statement of questions involved. *See, e.g., G.M. v. Dept. Public Welfare*, 954 A.2d 91, 93 (Pa. Commw. Ct. 2008); *Commonwealth v. Tielsch*, 934 A.2d 81, 85 n.7 (Pa. Super. Ct. 2007); *Commonwealth v. Einhorn*, 911 A.2d 960, 970 n.4 (Pa. Super. Ct. 2006); *Thomas v. Elash*, 781 A.2d 170, 176-77 (Pa. Super. Ct. 2001). Therefore, this Court finds that the portion of Rule 2116(a) that pertains to issues in the statement of questions involved is adequate. *See Felts v. Tennis*, No. 07-2035, 2008 WL 2954660, at *6 (E.D. Pa. July 30, 2008).

### 3.  Exceptions to Procedurally Defaulted Claims.

Where a petitioner has defaulted a claim, federal habeas review of that claim is barred,

unless he can demonstrate cause for the procedural default and actual prejudice resulting

therefrom. *Coleman*, 501 U.S. at 750.  In order to demonstrate cause, the petitioner must show

that "'some objective factor external to the defense impeded counsel's efforts to comply with the

State's procedural rule.'" *Fogg v. Phelps*, 414 Fed. Appx. 420, 429-30 (3d Cir. 2011) *(quoting*

*Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  Examples of external impediments which have

been found to constitute cause in the procedural default context include governmental

interference which made compliance with the procedural rule impracticable, a showing that the

factual or legal basis for a claim was not reasonably available to counsel, and ineffective

assistance of counsel. *See United States v. Pelullo*, 399 F.3d 197, 223 n.9 (3d Cir. 2005)

*(quoting Wise v. Fulcomer*, 958 F.2d 30, 34 (3d Cir. 1992)).  "[F]or ineffective assistance of prior

counsel to serve as 'cause' to excuse a procedural default, habeas petitioners must first exhaust

the ineffective assistance claim itself in state court, or show cause and prejudice for that failure to

exhaust." *Tome*, 167 Fed. Appx. at 325 *(citing Edwards*, 529 U.S. at 451-52).  To show

prejudice, a petitioner must show more than a potential for prejudice, but rather that the error

"'worked to his *actual* and substantial disadvantage, infecting his entire trial with error of

constitutional dimensions.'" *Murray*, 477 U.S. at 494 *(quoting United States v. Frady*, 456 U.S.

152, 170 (1982)).  If a petitioner fails to establish both prongs, the procedural default may not be

excused.

Throughout the instant petition, Petitioner used the terms "cause" and prejudice" without

24

providing any supporting argument sufficient to excuse procedural default.[20]  In reviewing all of Petitioner's submissions, this Court finds that Petitioner made three legitimate attempts to satisfy the cause and prejudice exception. First, Petitioner argued that the procedural default of his ineffective assistance of counsel claim for failing to request an accomplice instruction should be excused because counsel was ineffective in preserving the issue. However, Petitioner failed to address the manner in which he was actually prejudiced. *See id.* Petitioner only asserted that "[p]rejudice ensued when errors at trial 'worked to petitioner's actual and substantial disadvantage infecting his entire trial with error of constitutional dimensions." *See* Pet'r's Mot. Amend, at 5. Furthermore, the claim that Petitioner is attempting to establish cause with was not presented to the state courts and is thus unexhausted. *See O'Sullivan*, 526 U.S. at 845. This claim is also procedurally defaulted because the PCRA statute of limitations has expired, as previously detailed. *See Keller*, 251 F.3d at 415. Petitioner did not provide any argument to excuse this claim's procedural default. Thus, the ineffective assistance of counsel for failing to preserve the underlying issue cannot suffice as cause. *See Tome*, 167 Fed. Appx. at 325 (*quoting Edwards*, 529 U.S. at 451-52). Therefore, this Court finds that Petitioner failed to prove cause and prejudice sufficient to excuse the procedural default.

Second, Petitioner argued that the Commonwealth's suppression of extradition documentation and a pardon letter serves as adequate cause and prejudice to excuse his

---

[20] For the majority of Petitioner's defaulted claims, this Court agrees with the Respondents' statement that "while Cox makes passing mention at some points to certain phrases that are relevant in this particular context, such as 'cause and prejudice' and 'miscarriage of justice,' he makes no demonstration that might conceivably support this Court's substantive review, despite his procedural default, of his supplemental claims." *See* Resp'ts Answer, at 62.

procedural default of related prosecutorial misconduct claims. *See* Pet'r's Reply Br., at 7-8. The Supreme Court has commented that establishing cause and prejudice regarding an alleged *Brady* claim "'parallel[s] two of the three components of the alleged *Brady* violation itself.'" *Banks v. Dretke*, 540 U.S. 668, 691 (2004) (*quoting Strickler v. Greene*, 527 U.S. 263, 282 (1999)). "[I]f the government wrongfully suppresses evidence, then an external factor prevented a petitioner's compliance with state procedure, and if the withheld evidence was material to a petitioner's trial, then barring a petition on procedural grounds would create prejudice." *Johnson v. Folino*, 671 F. Supp.2d 658, 668 (E.D. Pa. 2009). Under *Brady*, the prosecution must disclose impeachment and exculpatory evidence that is favorable to a criminal defendant, even without a request. *Lambert v. Beard*, 633 F.3d 126, 133 (3d Cir. 2011) (*quoting United States v. Bagley*, 473 U.S. 667 (1985)). Further, evidence is material "'only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Id.*

Regarding the extradition documentation, even assuming that the Commonwealth withheld this documentation, Petitioner has not explained how this evidence could be used for exculpatory or impeachment purposes. Petitioner merely states that this evidence was withheld by the Commonwealth. Because Petitioner has not established that this evidence is material under *Brady*, this Court finds that Petitioner failed to demonstrate actual prejudice sufficient to excuse his procedural default. *See id.*

Petitioner also argues that the Commonwealth failed to disclose a pardon letter concerning Mr. Brown. *See* Pet'r's Reply Br., at 8. "[E]vidence regarding a witness's arrangements with the prosecution regarding pending criminal charges may affect the witness's

26

credibility and thus may be material for *Brady* purposes." *Simmons v. Beard*, 590 F.3d 223, 236 (3d Cir. 2009) (*citing Giglio v. United States*, 405 U.S. 150 (1972)). However, the record shows that the Commonwealth did not withhold a pardon letter, as defense counsel attempted to impeach Mr. Brown's credibility with the existence of the pardon letter on cross-examination and in his closing statement. (N.T. 2/23/96, at 179; N.T. 2/27/96, at 44). Accordingly, as defense counsel actually utilized the existence of the pardon letter for impeachment purposes, this Court cannot find that the Commonwealth withheld this evidence. Further, this Court finds that the evidence is not material because the result of the proceeding could not have been different – as the evidence was used for impeachment purposes at trial. *See Lambert*, 633 F.3d at 133. Therefore, this Court finds that Petitioner's *Brady* claim does not meet the cause and prejudice test.

Finally, Petitioner vaguely asserts that his defense counsel's ineffectiveness for failing to disclose an alleged conflict of interest meets the cause and prejudice test. *See* Pet'r's Reply Br., at 9. As Petitioner correctly observes, the Sixth Amendment guarantees conflict-free representation. *Tillery v. Horn*, 142 Fed. Appx. 66, 69 (*citing Strickland v. Washington*, 466 U.S. 668, 688 (1984)). Concerning a conflict of interest claim, cause may be shown if knowledge of the conflict was not reasonably available to the petitioner. *See id.* To demonstrate actual prejudice, a petitioner "must demonstrate that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Id.* (*quoting Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980)). An actual conflict is established when "(1) a plausible, alternative defense strategy or tactic might have been pursued that is of sufficient substance to be viable; and (2) the alternative defense was inherently in conflict with or not undertaken because of the attorney's other loyalty

27

or interest." *Id.* at 70 (*citing United States v. Gambino*, 864 F.2d 1064, 1070 (3d Cir. 1988)).

Petitioner argues that defense counsel's (Mr. Jeffrey Minehart) previous employment as the Chief of the Major Crimes Unit of the Philadelphia District Attorney's Office was in direct conflict with his representation of Petitioner at trial and on direct appeal. *See* Pet'r's Reply Br., at 1. Specifically, Petitioner alleges that while Mr. Minehart was employed at this position from January 13, 1986 through January 12, 1990,[21] he oversaw the direction of the case against Petitioner. *See id.* Petitioner lists instances of alleged ineffectiveness that he claims were affected by Mr. Minehart's divergence of interest. *See* Pet'r's Mem. Law, at 43-44. However, Petitioner never establishes that these instances of ineffectiveness were "because of the attorney's other loyalty or interest." *See Tillery*, 142 Fed. Appx. at 70. Petitioner merely restated ineffective assistance of counsel claims that he argued as bases for relief earlier in his petition without making a causal connection between Mr. Minehart's previous affiliation and the alleged claims.

Moreover, Petitioner bases his argument for cause upon a claim of ineffective assistance of counsel for failing to disclose an alleged conflict of interest. As previously discussed, this claim was procedurally defaulted pursuant to Pennsylvania Rule of Appellate Procedure 2116(a), as the Superior Court refused to address the merits because it was not included in the statement of questions involved. Petitioner did not provide any argument to excuse this claim's procedural default. Thus, the ineffective assistance of counsel claim cannot suffice as cause. *See Tome*, 167 Fed. Appx. at 325 (*quoting Edwards*, 529 U.S. at 451-52). Therefore, this Court finds that

---

[21] These dates were provided by Petitioner. Respondents have not responded to this claim or challenged the dates.

28

Petitioner cannot establish cause and prejudice resulting from Mr. Minehart's alleged conflict of interest.

Even if a petitioner fails to prove cause and prejudice, a federal court may review a petitioner's procedurally defaulted claim if he can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 748; *see also Houck,* 625 F.3d at 93. To demonstrate this exception, the Supreme Court requires that the petitioner show that a "'constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Schlup v. Delo,* 513 U.S. 298, 327 (1995) (*quoting Murray,* 477 U.S. at 496). To satisfy the actual innocence standard, a petitioner must show that, in light of new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Id.; Houck,* 625 F.3d at 93.

Here, although Petitioner has employed the language "miscarriage of justice" and "actual innocence" throughout his submissions, he never articulated any argument to support an exception to the procedurally defaulted claims. Further, Petitioner has not provided any new evidence, let alone any new evidence that would convince this Court that no reasonable juror would have found him guilty beyond a reasonable doubt. *See Schlup,* 513 U.S. at 327. Thus, the actual innocence exception to procedural default does not apply.

Therefore, this Court is foreclosed from reviewing Petitioner's procedurally defaulted claims.

29

**B.      Claim 1(a): Trial court error for granting the Commonwealth's challenge for cause of venireperson Lateef Oakman.**[22]

Petitioner argues that the trial court erred when it granted the Commonwealth's challenge for cause of venireperson Lateef Oakman. During *voir dire*, Mr. Oakman testified that he knew witnesses Marvin Hite and Sheldon Daniels via his job as a social worker in the prison system. Mr. Oakman further testified that his prior relationship with the witnesses would not influence his ability to be a fair and impartial juror. However, the trial court granted the Commonwealth's challenge for cause based upon Mr. Oakman's prior relationships.[23] Respondents urge that this claim is without merit.

Under the Sixth and Fourteenth Amendments, a criminal defendant has a right to be tried by a fair and impartial jury. *See Szuchon*, 273 F.3d at 327 (*citing Wainwright v. Witt*, 469 U.S. 412, 423 (1985)). When a juror is challenged for cause based upon bias, the trial court must determine if the juror stated under oath "that he could set aside any opinion he might hold and decide the case on the evidence, and [whether] the juror's protestation of impartiality [should be] believed." *Patton v. Yount*, 467 U.S. 1025, 1036-37 (1984); *see also Szuchon*, 273 F.3d at 328 (trial judge's duty to make factual determination of whether juror could be impartial). The Supreme Court has acknowledged that a trial court is in a better position to assess a potential juror's impartiality because of its ability to consider a juror's inflection, sincerity, demeanor,

---

[22]  This Court notes that claim 1(a) is intertwined factually with claim 4(e).

[23]  The trial court initially excused Mr. Oakman as a juror *sua sponte*. However, the trial court withdrew its order after defense counsel stated that Mr. Oakman was an acceptable juror. Immediately thereafter, the Commonwealth challenged Mr. Oakman for cause, which the trial court granted after hearing argument. Petitioner does not raise the trial court's *sua sponte* decision as a ground for relief. Therefore, this Court will not review its merits.

candor, body language, and apprehension of duty. *See Skilling v. United States*, __ U.S. __, 130

S. Ct. 2896, 2918 (2010) (*citing Reynolds v. United States*, 98 U.S. 145, 156-57 (1879)).

Further, a trial court's determination of a juror's impartiality is a finding of fact, which is entitled

to the presumption of correctness afforded by the habeas statute. *Patton*, 467 U.S. at 1036-38;

*Szuchon*, 273 F.3d at 328. Accordingly, a petitioner bears the burden of rebutting the

presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This

Court finds that Petitioner has not done so.

According to the Judge Lineberger's post-trial opinion, the trial court granted the

Commonwealth's challenge for cause because:

> Mr. Oakman had more than a working relationship with two
> witnesses insofar as Mr. Oakman serves as their social worker.
> Moreover, in this Court's opinion, although Mr. Oakman indicated
> that he had not prejudged the prospective witnesses, this Court
> believed that given his prior relationship with them, the possibility
> that Mr. Oakman might let it affect his judgment was just too great.

*Commonwealth v. Cox*, No. 950, at 4. On direct appeal, the Superior Court affirmed the trial

court on this claim because Petitioner did not allege that he was prejudiced. *Commonwealth v.

Cox*, No. 2287 Phila. 1996, at 3-4. According to the Superior Court, even if the trial court had

erred, Petitioner's claim fails because he did not assert any resulting harm. *Id.*

Because Judge Lineberger determined that Mr. Oakman could not be impartial, this Court

must presume that the finding is correct. *See Patton*, 467 U.S. at 1038; *Szuchon*, 273 F.3d at

328. Petitioner did not provide any evidence that Mr. Oakman could be impartial, other than

referring to Mr. Oakman's stated ability to be impartial at *voir dire*. Accordingly, Petitioner has

not rebutted the trial court's finding by clear and convincing evidence. Therefore, the state

31

court's adjudication of this claim was neither contrary to nor an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d)(1). As a result, this Court recommends that this claim be denied.

## C.   Claim 1(b): Trial court error for admitting Wallace Brown's statement via Detective James Dougherty under a hearsay exception.

Petitioner next claims that the trial court erred by admitting a statement of Wallace Brown through Detective James Dougherty's testimony under the prior consistent statement hearsay exception. Respondents assert that this claim is non-cognizable in federal habeas review. Alternatively, Respondents argue that this claim is procedurally defaulted as a federal claim, insufficiently pled, and meritless.

Under 28 U.S.C. § 2254(a), a person in custody pursuant to the judgment of a state court may challenge the legality of his state incarceration on the ground that it is, or was imposed, "in violation of the laws or treaties of the United States." It is well settled that claims asserting a violation of a state law, or challenging a state court's interpretation of state law, are not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("We reemphasize that it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions."); *Keller*, 251 F.3d at 416 n.2; *Johnson v. Rosemeyer*, 117 F.3d 104, 109 (3d Cir. 1997) ("[I]t is well established that a state court's misapplication of its own law does not generally raise a constitutional claim. The federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."). Thus, an inquiry as to whether evidence was correctly admitted pursuant to Pennsylvania law plays "no part [in] a federal court's habeas review of a state

32

conviction." *Estelle*, 502 U.S. at 67.

Nowhere in Petitioner's claim does he allege a constitutional violation or assert any federal constitutional right. Rather, Petitioner merely states that the trial court erred by admitting the statement under a hearsay exception. Therefore, this Court finds that Petitioner's claim is non-cognizable. *See Estelle*, 502 U.S. at 67-68.

Nevertheless, even if the claim in the instant petition could be interpreted as a cognizable habeas claim, Petitioner failed to assert the federal nature of the claim to the state courts. *See Keller*, 251 F.3d at 415-16. A review of Petitioner's notice of appeal and appellate brief to the Superior Court on direct appeal reflects that he challenged the trial court's evidentiary ruling only regarding hearsay exceptions. In the appellate brief, Petitioner cited only Pennsylvania state court cases that interpreted the prior consistent statement exception to hearsay. Therefore, a claim based upon federal law is unexhausted. Because the PCRA statute of limitations has expired as previously discussed, such a claim is also procedurally defaulted. Petitioner has not argued any cause and prejudice to excuse his failure to present this claim to the state courts. Further, Petitioner has not argued or established that a miscarriage of justice would occur if this Court failed to hear his claim. Thus, this Court is foreclosed from considering the federal nature of Petitioner's claim due to the procedural default.

Consequently, this Court recommends that this claim be dismissed as not cognizable, or, in the alternative, as procedurally defaulted.

33

**D.    Claim 1(c): Trial court error for denying Petitioner's motion for mistrial after a Commonwealth witness, Arnetta Ferguson, stated that Petitioner used to buy drugs at her residence.**

Petitioner next claims that he was denied due process when the trial court refused to grant

his request for a mistrial after a Commonwealth witness, Ms. Ferguson, testified that she knew

Petitioner from buying drugs at her residence. Petitioner argues that manifest necessity required

the trial court to grant his motion for mistrial because the trial court's immediate instruction was

inadequate to cure the prejudice. Respondents urge that this claim is procedurally defaulted as

Petitioner failed to present the federal nature of this claim to the state courts. Alternatively,

Respondents assert that this claim is non-cognizable, insufficiently pled, and meritless.

As previously detailed, a prerequisite of federal habeas review is exhaustion, which

requires that the claim be "'fairly presented' to the state courts 'by invoking one complete round

of the State's established appellate review process.'" *Minett v. Hendricks*, 135 Fed. Appx. 547,

552 (3d Cir. 2005) (*quoting O'Sullivan*, 526 U.S. at 845). A claim is "fairly presented" when

there is:

> (a) reliance on pertinent federal cases employing constitutional
> analysis, (b) reliance on state cases employing constitutional analysis
> in like fact situations, (c) assertion of the claim in terms so particular
> as to call to mind a specific right protected by the Constitution, and
> (d) allegation of a pattern of facts that is well within the mainstream
> of constitutional litigation.

*Id. (quoting McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)); *see also Nara v. Frank*,

488 F.3d 187, 198 (3d Cir. 2007). Merely attaching labels such as "due process" or "fair trial" to

a state law claim is insufficient to fairly present a federal claim. *See Minnett*, 135 Fed. Appx. at

34

552; *Keller*, 251 F.3d at 414-15.[24]  The burden is on the habeas petitioner to prove exhaustion. *Boyd*, 579 F.3d at 367.

Here, Petitioner argued on direct appeal that he was entitled to a new trial because the statement was unrelated to the charged crimes and prejudicial. Petitioner quoted Pennsylvania Rule of Criminal Procedure 1118(b), which governs motions for mistrials, and cited numerous Pennsylvania state court cases in arguing his basis for appeal. In doing so, Petitioner failed to mention any basis in federal law. Petitioner's assertion that he was denied a fair trial is insufficient to fairly present the federal nature of the claim to the state courts. *See Keller*, 251 F.3d at 414-15. Further, the Superior Court and Judge Lineberger relied exclusively upon state law in determining that a new trial was not warranted. *See Commonwealth v. Cox*, No. 2287 Phila. 1996, at 11-12; *Commonwealth v. Cox*, No. 950, at 6-7. Therefore, Petitioner's instant claim is unexhausted. *See Tome*, 167 Fed. Appx. at 323. Because Petitioner is foreclosed from seeking further review in the state courts due to the expiration of the PCRA's statute of limitations, Petitioner's claim is also procedurally defaulted. *See* 42 Pa. Cons. Stat. § 9545(b)(1). Petitioner is unable to excuse his procedural default because he has not demonstrated cause and

---

[24] In *Keller*, the Third Circuit held that a petitioner's claim in state court that the admission of evidence denied him a "fair trial" did not fairly present a federal due process claim for exhaustion purposes. *See Keller*, 251 F.3d at 414-15. In doing so, the Third Circuit relied upon the Supreme Court's reasoning in *Duncan v. Henry*, 513 U.S. 364 (1995), which held that a petitioner's claim in state court that the admission of evidence produced a "miscarriage of justice" was insufficient to invoke the federal due process guarantee. *See Keller*, 251 F.3d at 414-15. Further, the Third Circuit stated that the state court "'understandably confined its analysis to the application of state law'" and "'reasonably understood'" that the petitioner only raised a state law issue. *Id.* at 415 (*quoting Duncan*, 513 U.S. at 366, 367). Therefore, utilizing mere buzz words in the state courts is insufficient to fairly present the claim for exhaustion purposes.

prejudice or a fundamental miscarriage of justice. Thus, this Court finds that due to the
procedural default, a review on the merits is unwarranted.

Nevertheless, even if this claim had not been defaulted, Petitioner would not prevail on
the merits. To succeed on the merits, a petitioner must prove that the state court's adjudication
of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable
application of, clearly established Federal law, as determined by the Supreme Court of the United
States; or (2) resulted in a decision that was based on an unreasonable determination of the facts
in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).
The Third Circuit has commented that Supreme Court precedence suggests that the admission of
"other crimes" evidence does not constitute a violation of federal fair trial rights. *See Minett*, 135
Fed. Appx. at 553 (*citing Estelle*, 502 U.S. at 112; *Greer v. Miller*, 483 U.S. 756 (1987); *Spencer
v. Texas*, 385 U.S. 554 (1967)). When reviewing curative jury instructions, a court "presume[s]
that the jury will follow a curative instruction unless there is an 'overwhelming probability' that
the jury will be unable to follow it and a strong likelihood that the effect of the evidence would
be 'devastating' to the defendant." *United States v. Newby*, 11 F.3d 1143, 1147 (3d Cir. 1993)
(*citing Greer*, 483 U.S. at 766 n.8); *see also Minett*, 135 Fed. Appx. at 553. In other words, the
court presumes that the jury disregarded the inadmissible evidence if the instruction stated as
much. *See Newby*, 11 F.3d at 1147.

In the instant case, the following colloquy transpired between the prosecutor and Ms.
Ferguson:

> Q:     Did you, back in the summer of 1988, before this
> happened, did you see [Petitioner] around the
> neighborhood?

36

> A:    Yeah.
>
> Q:    How often?
>
> A:    He would come buy drugs from my house.

(N.T. 2/23/96, at 81). Immediately thereafter, Petitioner's counsel objected and requested a

mistrial. During a discussion in the robing room, Judge Lineberger sustained the objection but

denied the motion for mistrial. After returning to the courtroom, Judge Lineberger provided the

following jury instruction:

> Ladies and gentlemen, you might recall that this witness had just
> indicated where and how she knew this Defendant. This Defendant
> is not on trial for possession of drugs, therefore, you are to disregard
> the fact that she indicated that she knew him from purchasing of
> drugs in her house. He's not charged with that. You should not
> consider that in any way as to whether or not the Commonwealth will
> be able to make out the charges against him. I remind you there's no
> charge against him on drugs, so you should disregard that.

(N.T. 2/23/96, at 83). On review, the Superior Court denied Petitioner's contention that the trial

court erred by not granting the motion for mistrial as without merit. Specifically, the Superior

Court held that even if the trial court erred, a new trial was not warranted because the cautionary

instruction alleviated any prejudice from Ms. Ferguson's comment. *Commonwealth v. Cox*, No.

2287 Phila. 1996, at 11-12.

This Court finds that Petitioner failed to show that the Superior Court's rejection of this

claim was an unreasonable application of federal law. Judge Lineberger instructed the jury to

disregard Ms. Ferguson's comment because Petitioner was not charged with any drug offense.

Petitioner has not averred that there was an "overwhelming probability" that the jury could not

follow Judge Lineberger's curative instruction. *See Newby*, 11 F.3d at 1147. Further, this Court

37

finds that the effect of the evidence was not devastating to the Petitioner, as the prosecution provided ample evidence to sustain his conviction. *See id.* Therefore, this Court must presume that the jury followed Judge Lineberger's instruction. *See id.* As a result, this Court finds that Petitioner has not proven that the Superior Court's decision was an unreasonable application of clearly established federal law.

For the aforementioned reasons, this Court recommends that Petitioner's claim be denied as procedurally defaulted, or alternatively, as without merit.

### E. Claim 2: *Batson* violation

Petitioner argues that the Commonwealth violated *Batson v. Kentucky*, 476 U.S. 76 (1986), during *voir dire* by engaging in a pattern of strikes against African Americans. During *voir dire*, the Commonwealth used fifteen peremptory challenges, ten of which challenged African American venirepersons. Petitioner only objected to the Commonwealth's peremptory challenge of Ms. Dorothy Gamble. The trial court determined that the Commonwealth had engaged in purposeful discrimination and reinstated Ms. Gamble as a juror. Respondents urge that Petitioner's claim is not properly preserved and without merit.[25]

---

[25] To the extent that Petitioner argues that the trial court's handling of Ms. Gamble entitles him to habeas relief, this Court finds that Petitioner's claim fails as the trial court immediately remedied the situation. *See Batson*, 476 U.S. at 99 n.24 (commenting that where a trial judge sustains a *Batson* challenge, one possible remedy is to reinstate the venireperson). Here, defense counsel objected to the Commonwealth's peremptory challenge of Ms. Gamble. After providing the Commonwealth with the opportunity to present a race-neutral explanation for challenging Ms. Gamble, the trial court determined that Petitioner established purposeful discrimination. As a remedy, the trial court reinstated Ms. Gamble as a juror. The Superior Court affirmed the trial court's decision by stating "since Ms. Gamble served as a juror, [Petitioner's] contention that the prosecutor improperly eliminated her is meritless." *Commonwealth v. Cox*, No. 2287 Phila. 1996, at 6. Because the trial court followed Supreme Court precedent, the trial court's decision was neither contrary to nor an unreasonable application

38

"The Equal Protection Clause 'prohibits a prosecutor from using a peremptory challenge to strike a prospective juror solely on the account of race.'" *Coombs v. DiGuglielmo*, 616 F.3d 255, 261 (3d Cir. 2010) *(quoting Holloway v. Horn*, 355 F.3d 707, 719 (3d Cir. 2004)). The Third Circuit has held that a timely objection is a prerequisite to raising a *Batson* claim. *Lewis v. Horn*, 581 F.3d 92, 102 (3d Cir. 2009). Further, this requirement is "not merely a matter of state procedural law; instead, 'a timely objection is required to preserve' a claimed *Batson* violation for appeal and failing to do so will result in forfeiture of the claim." *Id. (quoting Abu-Jamal v. Horn*, 520 F.3d 272, 284 (3d Cir. 2008)). A petitioner forfeits his right to raise a *Batson* claim on appeal if he fails to object to a prosecutor's peremptory challenges at trial. *See Clausell v. Sherrer*, 594 F.3d 191,194-95 (3d Cir. 2010) *(citing Lewis*, 581 F.3d at 102).

Here, the Superior Court on direct appeal held that Petitioner waived his *Batson* claim regarding the other nine venirepersons because of defense counsel's failure to object. *Commonwealth v. Cox*, No. 2287 Phila. 1996, at 6.

> [A]t no time did defense counsel object to the Commonwealth's use of peremptory challenges as to the other nine black venirepersons or ask that they be seated as jurors. In fact, near the end of voir dire, the trial court informed the attorneys of the racial composition of the jury and asked whether they were satisfied. Defense counsel raised no objection. Accordingly, we find that his claim that the prosecutor improperly eliminated the nine venirepersons on the basis of race has been waived.

*Id.* (internal citations omitted). Upon reviewing the transcript, the Superior Court's rendition of the facts is correct. The defense counsel did not object to the pattern of peremptory challenges, but merely objected to the Commonwealth's challenge with regard to Ms. Gamble. Petitioner

---

of federal law. *See* 28 U.S.C. 2254(d)(1).

even admits in a related ineffective assistance of counsel claim that defense counsel failed to

preserve his *Batson* claim through his failure to object.[26] Therefore, Petitioner has forfeited his

*Batson* claim by failing to object at trial. *See Clausell*, 594 F.3d at 194-95.

Even if Petitioner's objection sufficed to preserve the claim for appeal, the burden is on a

petitioner to prove the existence of purposeful discrimination in violation of *Batson*. *Coombs*,

616 F.3d at 261 *(quoting Batson*, 476 U.S. at 93). The Supreme Court developed a three-part test

for determining the existence of a *Batson* violation. *Id. (quoting Hardcastle v. Horn*, 368 F.3d

246, 255 (3d Cir. 2004)).

> When a *Batson* challenge is raised, '[f]irst, the trial court must
> determine whether the defendant has made a prima facie showing that
> the prosecutor exercised a peremptory challenge on the basis of race.'
> *Rice v. Collins*, 546 U.S. 333, 338 (2006). 'Second, if the showing
> is made, the burden shifts to the prosecutor to present a race-neutral
> explanation for striking the juror in question.' *Id. (citing Batson*, 476
> U.S. at 97-98). 'Third, the court must then determine whether the
> defendant has carried his burden of proving purposeful
> discrimination.' *Id. (citing Batson*, 476 U.S. at 98).

*Coombs*, 616 F.3d at 261. In making its determination, a court considers "'all of the

circumstances that bear upon the issue of racial animosity.'" *United States v. Jones*, 408 Fed.

---

[26] To the extent Petitioner argues that counsel's ineffectiveness is cause to excuse the underlying *Batson* claim's procedural default, this Court notes that the related ineffective assistance of counsel claim is unexhausted as the instant petition is Petitioner's first mention of this claim. *See O'Sullivan*, 526 U.S. at 845. Petitioner's ineffective assistance of counsel claim is also procedurally defaulted because state procedural rules (namely, the PCRA's statute of limitations) bar him from seeking further relief in the state courts. *See Keller*, 251 F.3d at 415. Petitioner has not asserted any exception to excuse the procedural default. Thus, because the ineffective assistance of counsel claim is procedurally defaulted, it may not serve as cause to excuse the procedural default of the underlying *Batson* claim. *See Tome*, 167 Fed. Appx. at 325 *(quoting Edwards*, 529 U.S. at 451-52). Therefore, this Court may not review Petitioner's *Batson* claim.

Appx. 589, 592 (3d Cir. 2010) (*quoting Snyder v. Louisiana*, 552 U.S. 472, 478 (2008)). Also, a court should consider the "'totality of the relevant facts' when determining whether impermissible racial discrimination motivated the prosecutor's strikes." *Id.* (*quoting Hernandez v. New York*, 500 U.S. 352, 363 (1991)).

A state court's finding of an absence of discriminatory intent is "'a pure issue of fact'" which requires significant deference. *Miller-El v. Cockrell*, 537 U.S. 322, 339 (2003) (*quoting Hernandez*, 500 U.S. at 365) (stating that "evaluation of the prosecutor's state of mind based on demeanor and credibility lies peculiarly within a trial judge's province."); *see also* 28 U.S.C. § 2254(e)(1) (requiring the petitioner to rebut a presumption of correctness by clear and convincing evidence). Therefore, "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 322 U.S. at 340 (*citing* 28 U.S.C. § 2254(d)(2)).

Upon review of the trial transcript, Judge Lineberger compelled the Commonwealth to provide a reason for each of the ten peremptory challenges used against African American venirepersons.[27] Judge Lineberger then ordered Ms. Gamble to be reinstated as a juror, but declined to take any further action. Judge Lineberger's post trial opinion states that he denied the *Batson* challenge as to every other challenged venireperson (except Ms. Gamble).

___

[27] The Commonwealth provided race neutral reasons for challenging the other nine African-American venirepersons, which included: resent toward questions; inability to follow instructions; inability to make a decision under pressure; prior criminal charges; family member's prior criminal charges; nervousness; and prior service on juries that resulted in a hung jury and verdict of not guilty. (N.T. 2/22/96, at 116-25).

41

*Commonwealth v. Cox*, No. 950, at 6 ("However, the record does not support the defendant's assertions that the prosecutor's jury selection practices with respect to the other venirepersons excused by him were racially motivated. Rather, it shows that the prosecutor met his burden of proving that his exercise of peremptory challenges was race-neutral."). As such, this Court presumes that the trial court's factual finding that a pattern of discrimination did not exist was correct, unless Petitioner can rebut the presumption by clear and convincing evidence. *See Miller-El*, 537 U.S. at 339 (*quoting Hernandez*, 500 U.S. at 365); *see also* 28 U.S.C. § 2254(e)(1). Petitioner has not provided an adequate argument to rebut the trial court's factual finding by clear and convincing evidence. Rather, Petitioner merely stated that the prosecutor utilized a pattern. This Court does not find that the trial court's factual determination of the *Batson* challenge was objectively unreasonable in light of the evidence presented in the state-court proceeding. *See Miller-El*, 537 U.S. at 340. Therefore, this Court recommends that Petitioner's *Batson* claim be denied.

## IV.    CONCLUSION

Petitioner's petition for writ of habeas corpus should be denied.

Therefore, I make the following:

## **R E C O M M E N D A T I O N**

AND NOW, this ___22ND___ day of July, 2011, IT IS RESPECTFULLY

RECOMMENDED that the Petition for Writ of Habeas Corpus be DENIED. There has been no

substantial showing of the denial of a Constitutional right requiring the issuance of a certificate

of appealability.

Petitioner may file objections to this Report and Recommendation. *See* Local Civ. Rule

72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEITH B. COX,** | : | **CIVIL ACTION** |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **SUPERINTENDENT KERESTES, et al.** | : | **NO.  09-cv-4825** |
| **Respondents.** | : | |

## O R D E R

AND NOW, this          day of                , 2011, upon careful and

independent consideration of the petition for a writ of habeas corpus filed pursuant to 28

U.S.C. § 2254, and after review of the Report and Recommendation of United States Magistrate

Judge Lynne A. Sitarski, IT IS ORDERED that:

>    1. The Report and Recommendation is APPROVED and ADOPTED.
>
>    2. The petition for a writ for habeas corpus filed pursuant to 28 U.S.C. § 2254 is
>    DENIED.
>
>    3. There is no basis for the issuance of a certificate of appealability.

BY THE COURT:

_____
JAMES KNOLL GARDNER, J.