```
KEITH B. COX,                      )
                                   )         Civil Action
               Petitioner          )         09-cv-04825
                                   )
        vs.                        )
                                   )
SUPERINTENDENT JOHN KERESTES;      )
THE DISTRICT ATTORNEY OF THE       )
     COUNTY OF PHILADELPHIA,       )
     LYNNE ABRAHAM; and            )
THE ATTORNEY GENERAL OF THE        )
     STATE OF PENNSYLVANIA, TOM    )
     CORBETT,                      )
                                   )
               Respondents         )
```

**O R D E R**

NOW, this 29th day of March, 2013, upon consideration

of the following documents:

(1)  Petition for Writ of Habeas Corpus by a Person in
     State Custody, which petition was filed by
     petitioner Keith B. Cox pro se on October 15,
     2009[1] (Document 1), together with,

     (A)  Memorandum of Law in Support of Petition for
          Writ of Habeas Corpus (together, Docu-
          ments 1-1 and 1-2); and

     (B)  Application for Leave to File Less than the
          Required Number of Copies of Exhibits and
          Appeal on Original Trial Record Without an
          Appendix, Pursuant to Fed.R.App.Proc.30, 31,
          [and] 32 (Document 1-3);

---

[1]      The prison mailbox rule deems a motion to have been filed on the
date the petitioner delivered his petition to prison officials to mail.
Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1997).  Accordingly, the filing
dates attributed to the documents filed by petitioner pro se which are
described at (1), (2), (5), (6), and (7) in the within Order reflect the
dates indicated on the certificates of service for petitioner's filings,
rather than the filing dates listed on the docket entries in this matter.

(2) Motion to Amend by Supplement to Habeas Corpus
Petition, Pursuant to Fed.R.Civil Proc.15, which
motion was filed by petitioner pro se on May 21,
2012 (Document 10);

(3) Respondents' Answer to Petition for Habeas
Relief, which answer was filed August 27, 2010
(Document 14), together with,

    (A) Exhibit A, copy of Opinion of Judge James A.
Lineberger dated November 21, 1996 and filed
in Commonwealth [of Pennsylvania] v. Keith
Cox, Case No. 0950, January Term, 1995, in
the Court of Common Pleas of Philadelphia
County, Pennsylvania, Criminal Trial
Division (Document 14-1);

    (B) Exhibit B, copy of Memorandum filed on July
10, 1997 in Commonwealth of Pennsylvania v.
Keith Cox, Case No. 02287 Philadelphia 1996,
in the Superior Court of Pennsylvania
(Document 14-1); and

    (C) Exhibit C, copy of Memorandum filed on
September 30, 2008 in Commonwealth of
Pennsylvania v. Keith Cox, Case
No. 1005 EDA 2003, in the Superior Court of
Pennsylvania (Document 14-1);

(4) Report and Recommendation of United States
Magistrate Judge Lynne A. Sitarski dated and
filed on July 22, 2011 (Document 18);

(5) Objection to the Magistrate's Report and
Recommendation to Deny Habeas Corpus Petition for
Relief, which objection was filed by petitioner
pro se on September 28, 2011 (Document 25);

(6) Motion to Stay All Habeas Corpus Proceedings
Until Complete Discovery is Provided to
Petitioner by the Commonwealth, which motion was
filed by petitioner pro se on August 8, 2012
(filed in duplicate at different times as
Documents 27 and 29)("Motion to Stay"),

(A) Exhibit A, copies of (i) a September 26, 2008 letter request from petitioner pro se to the prothonotary of the Superior Court of Pennsylvania; (ii) Request for Court Records and Documents, submitted by petitioner pro se to the Superior Court of Pennsylvania; (iii) per curiam Order of the Superior Court of Pennsylvania filed July 1, 2004 in <u>Commonwealth of Pennsylvania v. Keith Cox</u>, No. 1005 EDA 2003; and (iv) per curiam Order of the Superior Court of Pennsylvania filed January 24, 2006 in <u>Commonwealth of Pennsylvania v. Keith Cox</u>, No. 1005 EDA 2003;[2] and

(B) Exhibit B, copy of pages 12 and 13 of the Notes of Testimony of petitioner's June 17, 1996 sentencing hearing;[3] and

(7) Motion for Compulsory Disclosure Discovery and Inspection Under Rule 6, which motion was filed by petitioner pro se August 8, 2012 (filed in duplicate at different times as Documents 28 and 30)("Motion for Discovery"), together with,

(A) Affidavit of Keith B. Cox sworn and subscribed by petitioner, and notarized, on August 8, 2012 (Documents 28 and 30);

---

[2]   The first letter is dated September 26, 2008 from petitioner to Ms. Karen Reid-Bramblett, Prothonotary, Superior Court of Pennsylvania in Philadelphia, Pennsylvania, requesting that he be provided with, among other things, the "Request And Agreement to Extradition Order (re: Trial Testimony) of exchange of custody procedures and events surrounding the Extradition and Affidavit (Trial-2/23/96,p.157-163)(2/26/96, p.87-88)(Preliminary-1/26/95, p.36-37) for purposes of review, pursuant to prevent waiver of issues, Pa.R.A.P. 1926." (Motion to Stay, Exhibit A, pages 1-2 of 6.)

      The Request for Court Records and Documents submitted to the Superior Court sometime in 2004 seeks, among other things, "5(g) [a] copy of the EXTRADITION ORDER" and "5(h) [a] copy of the AGREEMENT TO EXTRADITE/EXCHANGE OF CUSTODY". (<u>Id.</u> at page 3 of 6.)

[3]   Exhibit B does not contain a cover page identifying the proceeding of which it purports to be a transcript. However, at page 3, paragraph 8 of the Motion to Stay, petitioner refers to Exhibit B as "Sentencing Transcript, June 17, 1996, pp.12-13)."

it appearing after review of this matter that Magistrate Judge

Sitarski's Report and Recommendation correctly determined the

legal and factual issues presented in the petition for habeas

corpus relief,

IT IS ORDERED that the objections of petitioner to the

Report and Recommendation of Magistrate Judge Sitarski are

overruled.[4]

---

[4]       When objections are filed to a magistrate judge's report and
recommendation, I am required to make a de novo determination of those
portions of the report, findings or recommendations made by the magistrate
judge to which there are objections.  28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b)
of the Rules of Civil Procedure for the United States District Court for the
Eastern District of Pennsylvania.  Furthermore, district judges have wide
latitude regarding how they treat recommendations of the magistrate judge.
See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424
(1980).

        Indeed, by providing for a de novo determination, rather than a
de novo hearing, Congress intended to permit a district judge, in the
exercise of his or her sound discretion, the option of placing whatever
reliance the court chooses to place on the magistrate judge's proposed
findings and conclusions.  I may accept, reject or modify, in whole or in
part any of the findings or recommendations made by the magistrate judge.
Raddatz, supra.

        Petitioner is incarcerated at the State Correctional Institution
Mahanoy in Frackville, Pennsylvania.  A jury convicted petitioner of two
counts Murder in the first degree, in violation of 18 Pa.C.S.A. § 2502(a),
two counts of Robbery, in violation of 18 Pa.C.S.A. § 3701, one count of
Criminal conspiracy, in violation of 18 Pa.C.S.A. § 903, and one count of
Possessing Instruments of Crime, in violation of 18 Pa.C.S.A. § 907.
Petitioner received concurrent sentences of mandatory life imprisonment
without the possibility of parole on each count of Murder in the first
degree, and an aggregate sentence of not less than ten, nor more than thirty
years imprisonment for the two Robbery counts, to be served consecutive to
petitioner's concurrent life sentences.  Petitioner received a sentence of no
further penalty on the Criminal conspiracy and Possessing instruments of
crime counts.

        Review of the papers filed by petitioner reveals that neither
Magistrate Judge Sitarski, nor respondents, engaged in hyperbole when
characterizing the contents of petitioner's Memorandum of law and
petitioner's Motion to Amend as "nearly incomprehensible", and a "hodgepodge
of rambling 'arguments'" which are essentially "indecipherable", respect-

(Footnote 4 continued):

-4-

tively.  (Report and Recommendation at page 8; Respondent's Answer at
pages 59-60.)

        Nonetheless, Magistrate Judge Sitarski, appropriately
acknowledging that the filings of parties proceeding pro se are to be
construed liberally, see United States v. Day, 969 F.2d 39, 42 (3d Cir.
1992), undertook a thorough and thoughtful review of petitioners filings in
this federal habeas corpus proceeding and in petitioner's previous Pennsyl-
vania state-court proceedings.  Through that substantial undertaking,
Magistrate Judge Sitarski identified and organized each of petitioner's
numerous claims asserted in his Petition and subsequent supplemental filings
here, as well in the Pennsylvania courts.  (See Report and Recommendation at
pages 2-11.)

        To the extent that petitioner's objections to the Report and
Recommendation of Magistrate Judge Sitarski are decipherable, it appears that
petitioner objects to Magistrate Judge Sitarski's conclusion that many of the
claims asserted by petitioner in this habeas corpus proceeding are either
unexhausted, or seek to challenge decisions below which were based upon
independent and adequate state law grounds, and are, thus, procedurally
defaulted.

        In challenging Magistrate Judge Sitarski's conclusions concerning
procedural default, petitioner argues that, while he "appreciate[s] the
effort taken to liberally construe [his] claims", Magistrate Judge Sitarski
could not properly have found procedural default because petitioner's claims
"cannot be identified yet".  (Objection[s] at page 6.)  In short, petitioner
argues that his claims cannot be procedurally defaulted because his claims
cannot be identified.  This argument is unavailing.  As noted above,
Magistrate Judge Sitarski thoroughly reviewed petitioner's filings here to
identify and catalogue petitioner's numerous claims in order to permit review
of his claims.

        Further, I conclude that petitioner's remaining objections
concerning the state trial court's hearsay rulings and denial of petitioner's
mistrial motion, are merely a restatement of petitioner's arguments which
were considered and rejected by Magistrate Judge Sitarski in the Report and
Recommendation filed July 22, 2011.  Accordingly, I do not address those
objections.  See 28 U.S.C. § 636(b)(1)(C); see also Morgan v. Astrue,
2009 U.S.Dist. LEXIS 101092, at *8 (E.D.Pa. October 30, 2009)(Buckwalter,
S.J.).  Moreover, upon review of Magistrate Judge Rapoport's Report and
Recommendation, together with de novo review of this matter, I conclude that
the Report and Recommendation correctly determined the legal issues raised by
petitioner.

        Accordingly, I approve and adopt Magistrate Judge Rapoport's
Report and Recommendation, and overrule petitioner's objections to the Report
and Recommendation.  Moreover, because petitioner has not met statutory
requirements to have his case heard, and no reasonable jurist could find this
procedural ruling debatable, and because petitioner fails to demonstrate
denial of a constitutional right, a certificate of appealability is denied.
See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484,
120 S.Ct. 1595, 1604, 146 L.Ed.2d 542, 555 (2000).

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Sitarski is approved and adopted.

IT IS FURTHER ORDERED that the petition for a writ of habeas corpus is dismissed without a hearing.

IT IS FURTHER ORDERED that petitioner's Motion to Stay and Motion for Discovery are each denied.[5]

IT IS FURTHER ORDERED that petitioner has not met statutory requirements to have his case heard, and no reasonable jurist could find this procedural ruling debatable, and because petitioner fails to demonstrate denial of a constitutional right, a certificate of appealability is denied.

---

[5]     Petitioner seeks to stay this habeas proceedings and requests that the court require the Commonwealth of Pennsylvania to produce documents relating to petitioner's extradition from Canada, and a letter from the Commonwealth promising to assist Wallace Brown (petitioner's co-conspirator who testified for the Commonwealth at petitioner's trial).  (See Motion to Stay at pages 2-3, ¶ 8; Motion for Discovery at page 2, ¶¶ 7-8.)

        Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts provides, in pertinent part, that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure."  The United States Court of Appeals for the Third Circuit has stated that "[a] habeas petitioner may satisfy the 'good cause' standard by setting forth specific factual allegations which, if fully developed, would entitle him or her to the writ."  Han Tak Lee v. Glunt, 667 F.3d 397, 404 (3d Cir. 2012).

        As explained in the Report and Recommendation of Magistrate Judge Sitarski, which I adopt, petitioner's habeas corpus claims relating to his extradition, and his claims related to a letter concerning the Commonwealth's promise of pardon assistance to Wallace Brown,  are procedurally defaulted.  (See Report and Recommendation at pages 14-29.)  Because petitioner's habeas corpus claims concerning the materials sought in the Motion to Stay and Motion for Discovery are procedurally defaulted, I find that petitioner has not demonstrated good cause to support discovery under Rule 6.   Accordingly, the within Motion to Stay and Motion for Discovery are each denied.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this matter closed for statistical purposes.

BY THE COURT:


/s/ JAMES KNOLL GARDNER___
James Knoll Gardner
United States District Judge